UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 10-CV-5963 (JFB)
_____

MICHAEL TAFFINDER,

Petitioner,

VERSUS

PEOPLE OF THE STATE OF NEW YORK,

Respondent.

_____

**MEMORANDUM AND ORDER**
June 19, 2012
_____

JOSEPH F. BIANCO, District Judge:

Michael Taffinder ("Taffinder" or "petitioner) petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his convictions, based upon a guilty plea, for murder in the first degree, murder in the second degree, attempted murder in the first degree, robbery in the first degree, three counts of criminal use of a firearm in the first degree, attempted murder in the second degree and four counts of reckless endangerment in the first degree. (January 23, 2002 Minutes of Plea ("Plea Tr.") at 23-24). Taffinder challenges his conviction on the following grounds: (1) that he was not given a competency examination pursuant to Section 730 of the New York Criminal Procedure Law ("Section 730 examination"); and (2) that he was diagnosed with post-traumatic stress disorder ("PTSD") in 2006.

Respondent argues, *inter alia*, that the petition should be dismissed as untimely.

For the reasons set forth below, the petition is dismissed as untimely. Specifically, the conviction became final on February 3, 2009. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final, which was February 3, 2010. As the present petition was filed on December 15, 2010, over ten months after the one-year period expired, the petition is untimely. Moreover, there is no basis for equitable tolling. Accordingly, the petition is dismissed as time-barred. In any event, even assuming *arguendo* that the petition was not time-barred, his claims are procedurally barred and also fail on the merits.

## I. BACKGROUND

On January 23, 2002, petitioner withdrew his plea of not guilty and entered a plea of guilty for the crimes of murder in the first degree, murder in the second degree, attempted murder in the first degree, robbery in the first degree, three counts of criminal use of a firearm in the first degree, attempted murder in the second degree, and four counts of reckless endangerment in the first degree. (Plea Tr. at 23-24.) On February 28, 2002, petitioner was sentenced to a minimum of thirty years and a maximum of life imprisonment. (February 28, 2002 Minutes of Sentencing ("S.") at 23-24.)[1]

Petitioner directly appealed to the Appellate Division, Second Department, which affirmed his conviction on September 16, 2008. *People v. Taffinder*, 54 A.D. 3d 883, 864 N.Y.S.2d 379 (App. Div. 2008.) Petitioner sought leave to appeal from the New York State Court of Appeals and, on November 5, 2008, the New York State Court of Appeals denied petitioner leave to appeal. *People v. Taffinder*, 11 N.Y. 3d 858, 900 N.E. 2d 564, 872 N.Y.S. 2d 81 (2008).

Petitioner filed the instant petition on December 15, 2010. The petition indicated that petitioner placed his petition in the prison mailing system on December 13, 2010. In the petition, petitioner claims that a writ of habeas corpus should be issued because: (1) he was never given a Section 730 examination; and (2) petitioner was diagnosed with having PTSD in 2006. On June 30, 2011, respondent filed a response to the petition.

## II. DISCUSSION

Respondent argues, *inter alia*, that the petition should be denied because petitioner failed to file his petition for habeas corpus within the applicable statute of limitations provided by 28 U.S.C. § 2244(d)(1). For the reasons set forth below, this Court concludes that Taffinder's petition is untimely under Section 2244(d), and that there is no basis for equitable tolling of the statute of limitations.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Specifically, petitioner was sentenced to 25 years to life on the first count, 25 years to life on the second count, and 25 years to life on the third count. (S. at 21.) The sentences for counts one, two and three were to run concurrently. (*Id.*) Petitioner was also sentenced to five years on count four, five years on count five, five years on count six, five years on count seven, one to three years on count eight, five years on count nine, five years on count ten, one to three years on count eleven, and one to three years on count twelve. (*Id.* 22-23.) Counts four through twelve were to run concurrently with one another, but consecutive to the 25 years to life sentence imposed on counts one through three. (*Id.* 23.)

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006). In addition, for purposes of subsection (A), Supreme Court Rule 13.1 provides that the time for a petitioner to seek review in the United States Supreme Court expires ninety days after either the conclusion of the direct review of petitioner's conviction or the expiration of time for seeking direct review. Thus, a petitioner's conviction becomes "final," and the statute of limitations begins to run, upon the expiration of this ninety-day period. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) ("[A] petitioner's 'conviction bec[omes] final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[s].'" (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (alterations in original))); *accord Pratt v. Greiner*, 306 F.3d 1190, 1195 n. 1 (2d Cir. 2002).

In the instant case, because subsections (B) through (D) of Section 2244(d)(1) are inapplicable, the statute of limitations began to run on the date petitioner's conviction became final, pursuant to Section 2244(d)(1)(A).

As discussed *supra*, petitioner pled guilty on January 23, 2002, and was sentenced to a minimum of thirty years and a maximum of life in prison on February 28, 2002. (Plea Tr. at 23-24; S. at 23-24.) The Second Department affirmed petitioner's conviction on September 16, 2008. *People v. Taffinder*, 54 A.D. 3d at 864. Petitioner sought leave to appeal from the New York State Court of Appeals, and the New York State Court of Appeals denied leave to appeal on November 5, 2008. *People v. Taffinder*, 11 N.Y. 3d at 900. Pursuant to Supreme Court Rule 13(1), petitioner had ninety days from the date the Court of Appeals denied leave to appeal to file a petition for certiorari to the United States Supreme Court. *See Pratt*, 306 F.3d at 1195 n.1. Accordingly, petitioner's conviction became final on February 3, 2009, and petitioner's time to file his petition expired on February 3, 2010.[2]

Therefore, in order for Taffinder's petition to be timely it must have been filed

---

[2] Respondent takes the position that petitioner's conviction became final on February 23, 2009, and thus, the petitioner was required to file his petition before February 24, 2010. (Resp. Br. at 1.) This Court disagrees. In any event, even if the petitioner's conviction became final on February 23, 2009, the petition would still be time-barred.

3

before February 3, 2010.[3] Accordingly, because petitioner did not place his petition in the prison mailing system until December 13, 2010, almost one year after the time period to file had expired, the Court concludes that this petition is untimely.

B. Equitable Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17; *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time;" and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed. 2d 669 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate that "extraordinary circumstances" prevented him from properly filing his habeas corpus petition in a timely fashion. Petitioner acknowledges that his petition is untimely, but alleges that his defect should be ignored because of "severe mental illness," because he "can't function sometimes," and because he is *pro se*. (Pet. at 14.) Such an argument is unavailing under the circumstances of this case. Petitioner has failed to provide the Court with any objective evidence describing how petitioner's disability was causally related to his failure to timely file the instant petition. *See, e.g.*, *Victorial v. Burge*, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (petitioner's bipolar disorder did not warrant equitable tolling where petitioner failed to demonstrate that the illness "affected his ability to act with due diligence during the time period at issue" or was causally connected to his failure to timely file his petition); *Lee v. Superintendent, Attica Corr. Facility*, No. 05-CV-5706 (ARR), 2006 WL 229911, at *2 (E.D.N.Y. Jan. 31, 2006) ("[P]etitioner's allegations do not demonstrate that these health problems rendered him unable to pursue his legal rights during the one-year limitations period."); *Williams v. Phillips*, No. 02 CV 5882 (SJ), 2005 WL 1072711, at *2 (E.D.N.Y. Apr. 29, 2005) (petitioner's claim of mental impairment and proof that medical tests were conducted during the relevant time period did not constitute adequate evidence of a "disabling condition" warranting equitable tolling); *Simpson v. Greene*, No. 03 Civ. 6323, 2003 WL 22999489, at *3 (S.D.N.Y. Dec. 22, 2003) (Petitioner's "conclusory and vague claim, without a particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights, is manifestly insufficient to justify any further inquiry into tolling." (internal quotation marks and citations omitted)); *Barbosa v. United States*, No. 01 Civ. 7522 (JFK), 2002 WL 869553, at *2-*3 (S.D.N.Y. May 3, 2002) ("conclusory" allegations of physical infirmity, coupled with medical reports

---
[3] Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed. 2d 251 (2001). Petitioner did not file any post-conviction motions, nor did he initiate any further New York State proceedings.

indicating that petitioner did "at some point suffer[ ] from physical ailments" did not warrant equitable tolling); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) ("[A] petitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling. A petitioner has the burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period.") (collecting cases). Accordingly, petitioner's claims of mental illness and PTSD do not provide a basis for equitable tolling where such evidence would be easily obtained and is readily available to petitioner. Moreover, this Court finds petitioner's conclusory excuse to be legally insufficient to justify equitable tolling because he has failed to demonstrate that his mental condition prevented him from pursuing his legal rights throughout the one-year period.

Likewise, petitioner's inability to obtain legal assistance and status as a *pro* se litigant are not "extraordinary circumstance[s]" which warrant equitable tolling. *See Romero v. Ercole*, No. 08-CV-4983 (RRM), 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (holding that "neither [petitioner's] lack of legal assistance nor his own lack of legal knowledge provides a basis for equitably tolling the statute of limitations"); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations." (citations omitted)); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) ("[L]ack of legal knowledge cannot excuse a delay in filing a petition."); *Brown v. Superintendent, Elmira Corr. Facility*, No. 97-Civ. 3303 (MBM), 1998 WL 75686, at *4 (S.D.N.Y. Feb. 23, 1998) ("[A] self-serving statement that the litigant is ignorant of the law is not grounds for equitable.).

In short, petitioner has not presented any grounds that warrant equitable tolling. Nor has petitioner made a showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis.) Accordingly, the petition is dismissed as time-barred.

C. Merits

As a threshold matter, neither the Section 730 examination issue, nor the alleged PTSD diagnosis in 2006 were ever raised in state court. Thus, the claims are procedurally barred and there is no showing of cause or prejudice for the default, nor has petitioner shown that he is actually innocent or that a miscarriage of justice will result. *See Pate v. Robinson*, 383 U.S. 375 (1966); *Silverstein v. on* 706 F.2d 361 (2d Cir. 1983).

In any event, the claims are patently frivolous. This Court has reviewed the record (including his guilty plea transcript and sentencing transcript) and there is no basis to conclude that he was mentally incompetent, or that there existed reasonable grounds for a hearing on that issue.

At his guilty plea, petitioner gave very detailed answers, and clearly understood the nature of the proceeding. In fact, his lawyer stated at the time of the guilty plea: "I too am convinced that he does know what's going on here, that although the insanity defense was part of this case that I never considered that his competency to understand what is happening was a problem. I've spoken with Mr. Golub, his previous attorney, and he likewise never

5

raised that issue with regard to competency." (Plea Tr. at 28-29.) The prosecutor also noted that two psychiatrists had examined the defendant and neither "determined that he was in any way incompetent." (*Id.* at 30.) At sentencing, petitioner's counsel again emphasized, "Now, as I said, Michael is mentally ill. In his conversations with me sometimes he talks in terms of remorse, other times he talks in terms of practicalities. But he understands what he did and he made a knowing and plea of guilty." (S. at 7.) Thus, based upon the Court's review of the record, the Section 730 examination claim is frivolous because the record demonstrates no reasonable ground to suspect incompetency.

Similarly, the post-conviction discovery about his alleged PTSD does not alter that conclusion. It is clear from the record that petitioner was competent during his state court proceeding, and that his guilty plea was knowing and voluntary. Accordingly, his claims also fail on the merits.

III. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed as time-barred. In any event, petitioner's claims are procedurally barred and fail on the merits. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 19, 2012
Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. The attorney for respondent is Thomas J. Spota, District Attorney of Suffolk County, by Michael Blakey, Assistant District Attorney, Criminal Courts Building, 200 Center Drive, Riverhead, New York 11901.